UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SERGEI ZHARNONIKOV | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:26-131-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| ACTING WARDEN – | ) | **MEMORANDUM ORDER** |
| FMC LEXINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Sergei Zharnonikov is incarcerated at the Federal Medical Center in Lexington, Kentucky.  Proceeding without a lawyer, Zharnonikov filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") has improperly calculated his release date.  [Record No. 1] Upon initial screening conducted pursuant to 28 U.S.C. § 2243, the Court determined that the petition should be denied because Zharnonikov has not yet fully exhausted his administrative remedies. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

There is a multi-tiered administrative grievance process within the BOP.  If a matter cannot be resolved informally (*via* a so-called BP-8 Form), the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden who has 20 days to respond.  28 C.F.R. §§ 542.14(a) and 542.18.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director who has 30 days to respond.  28 C.F.R. §§ 542.15 and 542.18.  And if the prisoner is not satisfied with the Regional

-1-

Director's response, he may use a BP-11 Form to appeal to the General Counsel who has 40 days to respond.  28 C.F.R. §§ 542.15 and 542.18.

Here, Zharnonikov has not yet fully exhausted his administrative remedies.  The form petition that Zharnonikov submitted to this Court repeatedly asks if he sought an administrative remedy regarding the matter in question, and he left those sections of the form blank.  [*See* Record No. 1 at 2-3.]  Zharnonikov then affirmatively suggests he did *not* file a grievance with the BOP by saying "administrative remedies is [sic] futile in this matter."  [*Id.* at 6] However, he neither clearly explains why this would be the case nor identifies any legal authority that allows him to bypass the administrative grievance process and immediately proceed with his § 2241 petition.

Where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, *sua sponte* dismissal is appropriate.  *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).  Accordingly, it is hereby

**ORDERED** as follows:

1.      Zharnonikov's petition for a writ of habeas corpus [Record No. 1] is **DENIED** without prejudice.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated:  April 14, 2026.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky